J-A19010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN BUTLER AND HEATHER BUTLER, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2916 EDA 2022 |
| LANDMARK PROPERTY GROUP, LLC | : | |
| C/O 917 DEVELOPMENT, LLC | : | |

Appeal from the Judgment Entered January 17, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200203303

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                 **FILED OCTOBER 31, 2023**

John Butler and Heather Butler, husband and wife ("Plaintiffs"), appeal from the judgment entered on January 17, 2023, awarding them damages in the amount of $120,794.67, following entry of judgment by default in their suit against Landmark Property Group, LLC c/o 917 Development, LLC ("Defendant").  We affirm.

By way of background, this case stems from a personal injury action filed by Plaintiffs against Defendant after John Butler fell and broke his ankle on Defendant's property in 2018.  A default judgment was entered in 2021. On April 4, 2022, the court heard testimony, during a two-day damages trial,

_____

[*] Retired Senior Judge assigned to the Superior Court.

from the Plaintiffs and John Butler's doctor, Daniel Files, D.O.[1] Defendant did not offer testimony, but cross-examined Plaintiffs' witnesses and presented exhibits. After taking the matter under advisement, the court assessed damages for Plaintiffs and against Defendant in the amount of $110,794.67.

In lieu of filing post-trial motions, Plaintiffs appealed to this Court. We ultimately dismissed the appeal without prejudice for Plaintiffs to request leave to file a post-trial motion *nunc pro tunc*, which they did in October 2022. The trial court granted the request, and Plaintiffs timely filed a post-trial motion *nunc pro tunc* seeking a new damages trial. The court kept the award to John Butler intact but ordered that the damages be reassessed with an additional $10,000.00 being awarded to Heather Butler.

This appeal followed. On January 17, 2023, Plaintiffs filed a *praecipe* for the entry of judgment in favor of Plaintiffs as indicated hereinabove. Both Plaintiffs and the trial court complied with Pa.R.A.P. 1925. Plaintiffs present the following questions for our consideration:

1. Was the award of the trial court inconsistent with its own opinion which found the defendant was responsible for medical charges and loss of income that [John Butler] incurred in 2018 and 2019 yet awarded damages in an amount less than the medical charges and loss of income incurred in 2018 and 2019

---

[1] We note with displeasure that Plaintiffs failed to ensure the inclusion of the trial exhibits within the certified record. In looking through the scores of exhibits attached to Plaintiffs' various motions, we were able to find the report by Dr. Files, the medical lien, the statement of benefits, some medical records, and some work-related documents. However, since we were unable to find Plaintiffs' tax returns and pension summary, or Defendant's exhibits, our review of those matters is limited to the testimony from the damages trial.

effectively awarding zero damages for pain and suffering necessitating a new trial be awarded?

2. Was the verdict of the court inadequate in that the amount of the verdict bears no reasonable relation to the loss suffered by John Butler and Heather Butler necessitating the award of a new trial?

3. Was the award of the trial court so contrary to the evidence as to "shock one's sense of justice" and therefore a new trial should be awarded?

4. Did the trial court abuse its discretion by failing to award damages for uncontroverted medical testimony and objective injuries sustained by [John Butler]?

Plaintiffs' brief at 4 (cleaned up).[2]

All of Plaintiffs' claims challenge the trial court's damages award as to John Butler. We begin with the principles guiding our review. Preliminarily, "the plaintiff bears the burden of proof to establish all damages." *Mader v. Duquesne Light Co.*, 241 A.3d 600, 617 (Pa. 2020) (cleaned up). The trier of fact "is free to believe all, part, or none of the evidence, and resolving conflicts in testimony [is] within the exclusive province of the [factfinder]." *Id*. (cleaned up).

> Our standard of review of a trial court's award of damages is narrow: In reviewing the award of damages, the appellate courts should give deference to the decisions of the trier of fact who is usually in a superior position to appraise and weigh the evidence. If the verdict bears a reasonable resemblance to the damages proven, we will not upset it merely because we might have awarded different damages.

---

[2] Although these issues do not neatly line up with the ten issues raised in their Rule 1925(b) statement, we decline to find waiver as the Rule 1925(b) issues can be deemed to include the issues raised herein.

***Witherspoon v. McDowell-Wright***, 241 A.3d 1182, 1187 (Pa.Super. 2020) (cleaned up). "The duty of assessing damages is within the province of the [trier of fact] and should not be interfered with by the court, unless it clearly appears that the amount awarded resulted from caprice, prejudice, partiality, corruption or some other improper influence." ***Ferrer v. Trustees of Univ. of Pennsylvania***, 825 A.2d 591, 611 (Pa. 2002) (cleaned up). To that end, "precise mathematical certainty is not required to uphold a verdict." ***Mader***, ***supra*** at 617.

At the conclusion of the damages trial, Plaintiffs sought $1,741.98 for out-of-pocket expenses, $74,052.69 for the medical lien, $115,031.90 for lost wages from March 2, 2018 through 2021, as well as an unspecified amount for pain and suffering to John Butler and loss of consortium for Heather Butler. ***See*** N.T. Trial, 4/5/22, at 71. Throughout their brief, Plaintiffs contend that because the award to John Butler was $19,000.00 less than their calculation for medical bills and lost wages in 2018 and 2019, the trial court, contrary to its own findings and the testimony and exhibits offered, did not award anything for pain and suffering. ***See*** Plaintiffs' brief at 28, 32, 37, 39-40, 44.

In its Rule 1925(a) opinion, the trial court explained in detail how it reached its damages award as to John Butler. The court relayed that while it listened closely to the testimony proffered by Plaintiffs, it did not find it wholly credible.

> [John] Butler described his duties as a drywall finisher, which he characterized as "intense," and disclosed that they involved a lot of walking, carrying heavy work materials and using ladders and

scaffolding.  He described his pain level after the March 2, 2018 accident and subsequent surgery as a [ten] and said that it could not get any worse.  He contended that his leg swelled up with a stabbing pain.  However, [he] then testified that he returned after March 2018 to work that was "pretty intense."  Yet, he was again cleared for work at least two more times.

. . . .

With respect to time lost from work, [he] testified that he lost time from work and wages for the years 2018 and 2019.  However, the court notes that the total number of hours the Plaintiff claimed were lost appeared to be estimates and slightly exaggerated.  His testimony and that of his medical expert, Dr. Files, regarding the extent and duration of [his] pain also seemed slightly exaggerated.  However, the court found helpful the Defendant's calculation of damages.  Therefore, the court awarded the Plaintiff damages in the amount of $110,794.67 to reflect what it believed was the actual amount of wages lost and what it believed would compensate him fully for his losses.

Trial Court Opinion, 3/1/23, at 18-19 (cleaned up).  More specifically, the court calculated that John Butler generally "averaged 1,800 hours of work a year," and in fact worked "779 hours in 2018, 1,495 hours in 2019, 1,808 hours in 2020 and 570 hours in 2021[,]" after being cleared for work in 2018, and 2019, and returning in 2020 to full time work.  *Id*. at 23 (cleaned up).  The court observed that "there was no evidence that [his] future earning capacity was impaired because of his ankle injury."  *Id*.

Further, as to John Butler's pain and suffering resulting from the ankle injury, the court again made a credibility determination regarding the testimony offered by John Butler and Dr. Files.

[T]he court found both [John] Butler's testimony regarding the pain he experienced, and his medical expert Dr. Files'[s] testimony regarding pain and suffering to be inconsistent and not

- 5 -

entirely credible. While [he] may have suffered some temporary and intermittent pain, the court does not believe that it rose to such an excruciating level as to be compensable in the requested amount, particularly where [he] was cleared to return to his "intense" work duties as a drywall finisher the same year as he sustained his injuries, and two years later suffered no loss of income at all.

*Id*. at 20-21 (cleaned up). Moreover,

[f]rom September 2018 th[rough] August 2021, there was only one complaint of ankle pain; no referrals were made, and no x-rays or MRIs were ordered. The remainder of the complaints during this period were regarding Plaintiff's neck, back, and hip. Moreover, [John Butler] and Dr. Files admitted to treatment of [his] right foot, as well as his neck and back pain and treatment in 2016 and 2017 – all predating the accident in 2018.

*Id*. at 14 (cleaned up). Finally, the court generally found Dr. Files's "testimony conflicting and unreliable[,]" as follows:

After describing the surgical procedures that [John Butler] underwent to repair his ankle, Dr. Files opined that [he] sustained permanent damage to his ankle, whose range of motion was diminished because of the injury. The doctor opined further that [John] Butler could not return to his normal duties as a drywall finisher, due to pain and a loss of range of motion in his ankle, and that he suffered a loss of earnings and earning power. However, on cross-examination, Dr. Files acknowledged that he was not trained in damage calculations in medical cases and that he was neither a vocational expert nor economist and had not specialized in orthopedic surgery. Furthermore, Dr. Files'[s] diagnoses regarding [John Butler's] ankle injuries were limited, and it was he who cleared [him] to return to work in 2018; [he] was also cleared to work in 2020. Dr. Files admitted that [John] Butler could use his right ankle and acknowledged further that he returned to work in 2018. He also changed his opinion from total loss of use to partial loss of use regarding [John's] ankle. Thus, the court found Dr. Files'[s] testimony inconsistent.

*Id*. at 24 (cleaned up).

Upon review of the certified record, we discern no abuse of discretion in the trial court's determinations as to the damages awarded to John Butler. The court was in the best position to make credibility determinations as to the testimony offered by Plaintiffs and Dr. Files, and the damages awarded bear a reasonable relation to the damages proven. **See Witherspoon**, **supra** at 1187 ("If the verdict bears a reasonable resemblance to the damages proven, we will not upset it merely because we might have awarded different damages."); **Bader**, **supra** at 617 (noting that "precise mathematical certainty is not required to uphold a verdict"). Accordingly, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2023